# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| QUINCY DEANGELO GARDNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  3:14-cv-00848 |
| ) | |
| DAVID SEXTON, Warden, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Quincy Gardner, proceeding *pro se*, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) However, the petitioner neglected to sign his petition. Rule 2 of the Rules Governing § 2254 Cases requires, among other things, that a § 2254 petition be signed by the petitioner under penalty of perjury.

The Clerk is **DIRECTED** to maintain a copy of the pleading but to return the original to the petitioner. The petitioner **MUST** sign and date the original and must swear or affirm that the factual contents of the petition are true and correct to the best of his knowledge, under penalty of perjury. He must return the petition to the court for consideration within **30 DAYS** of the date this order is entered on the docket. Failure to return the petition within the specified time period may result in dismissal of this action for failure to prosecute. The petitioner's submission **MUST** include on its face the docket number assigned to this case (No. 3:14-cv-00848).

If the signed petition is returned in a timely fashion, the court will deem the petition to have been filed on March 17, 2014, pursuant to the mailbox rule, based on the date indicated by prison officials on the exterior of the envelope in which Mr. Gardner's petition was originally submitted.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge